**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7370**

JOHN E. HILL,

Petitioner - Appellant,

v.

GENE M. JOHNSON, Director of the Virginia Department of Corrections,

Respondent - Appellee.

**No. 17-7371**

JOHN E. HILL,

Petitioner - Appellant,

v.

GENE M. JOHNSON, Director of the Virginia Department of Corrections,

Respondent - Appellee.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.   Arenda L. Wright Allen, District Judge.   (2:05-cv-00015-AWA-TEM; 2:05-cv-00086-AWA-TEM)

Submitted: February 26, 2018                              Decided:  March 2, 2018

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John E. Hill, Appellant Pro Se. Josephine Frances Whalen, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John E. Hill appeals the district court's orders construing his Fed. R. Civ. P. 60(b) motions as unauthorized successive 28 U.S.C. § 2254 (2012) petitions, and denying them on that basis. We have reviewed the record and conclude that the district court correctly determined that Hill's motions were, in substance, successive § 2254 petitions. *See United States v. McRae*, 793 F.3d 392, 397-400 (4th Cir. 2015). We note that Hill is not required to obtain a certificate of appealability to appeal the district court's orders, *see McRae*, 793 F.3d at 400, and we conclude that the district court correctly determined that, in the absence of prefiling authorization, it lacked jurisdiction to consider the successive § 2254 petitions, *see* 28 U.S.C. § 2244(b)(3) (2012). Accordingly, we deny Hill's motion for transcripts and affirm the district court's judgments.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Hill's notices of appeal and informal brief as applications to file second or successive § 2254 petitions. In order to obtain authorization to file successive § 2254 petitions, a prisoner must assert claims based on either: (1) a new, previously unavailable rule of constitutional law made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2) (2012). Hill's claims fail to satisfy either of these criteria. We therefore deny authorization to file successive § 2254 petitions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*